

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,168

### EX PARTE TIMOTHY COCKRELL

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 92-CR-6426 IN THE 226TH DISTRICT COURT
### BEXAR COUNTY

*Per curiam*.

### O P I N I O N

This is a subsequent application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure article 11.071.

Applicant was convicted in July 1993 of capital murder committed on August 9, 1992. TEX. PENAL CODE ANN. § 19.03(a)(2). Based on the jury's answers to the special issues set forth in the Texas Code of Criminal Procedure, Article 37.071, sections 2(b) and 2(e), the

trial court sentenced him to death. Art. 37.071, § 2(g).[1] This Court affirmed applicant's conviction and sentence on direct appeal. *Cockrell v. State,* 933 S.W.2d 73 (Tex. Crim. App. 1996). Applicant filed his initial post-conviction application for writ of habeas corpus in the convicting court on July 21, 1997. This Court denied relief. *Ex parte Cockrell,* No. WR-41,775-01 (Tex. Crim. App., Sept. 22, 1999) (not designated for publication). On January 19, 2005, Applicant filed this subsequent application in the convicting court, which forwarded the application in compliance with Article 11.071, Section 5(b). Applicant's sole claim is that he cannot be subjected to the death penalty, consistent with *Atkins v. Virginia,*[2] because he is mentally retarded. Finding that this subsequent application satisfied the requirements of Section 5(a), this Court remanded it to the convicting court for findings of fact and conclusions of law.

The convicting court held a live evidentiary hearing and entered findings of fact and conclusions of law. Initially, the court found that applicant failed to establish by a preponderance of the evidence that he has significantly subaverage general intellectual functioning, but the court also found that applicant established that he has related limitations in adaptive functioning, the onset of which occurred prior to the age of 18. After this Court remanded the application for additional findings and conclusions to address a discrepancy between the trial court's 1994 finding that applicant is mentally retarded and its 2008 finding

---

[1] Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal Procedure.

[2] 536 U.S. 304 (2002).

that applicant is not mentally retarded, the trial court entered additional findings and conclusions stating that applicant is mentally retarded and therefore his execution is prohibited by the Eighth Amendment to the United States Constitution. The trial court further recommended that relief should be granted and applicant's death sentence should be reformed to life imprisonment.

This Court has reviewed the record with respect to applicant's claim. In cases in which the evidence could support both a finding that the habeas applicant has shown by a preponderance of the evidence that he is mentally retarded and a finding that he has failed to show he is mentally retarded to that level of confidence, we typically defer to the recommendation of the convicting court. Accordingly, we accept the convicting court's conclusion that the evidence preponderates in favor of a finding that applicant is mentally retarded. Relief is granted, and the applicant's sentence is reformed to a term of life imprisonment.

Delivered: June 10, 2009

Do Not Publish